IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| FREDERIC S SNELL, | : | |
| | : | Civil No. 14-3985 (RBK/JS) |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| WEST AMERICAN INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |

**KUGLER**, United States District Judge:

Frederic S. Snell ("Plaintiff") brings claims against West American Insurance Company ("Defendant") for breach of contract and breach of the implied covenant of good faith and fair dealing for refusing claims submitted after Hurricane Irene and Superstorm Sandy. This matter comes before the Court on Defendant's Motion for Partial Summary Judgment (Doc. No. 18). For the following reasons, Defendant's motion for summary judgment is **GRANTED**.

**I. FACTUAL BACKGROUND**[1]

The facts, in the light most favorable to the Plaintiff, are as follows: Defendant issued a homeowner's insurance policy to Plaintiff for his property at 160 North Ensign Drive in Little Egg Harbor Township, New Jersey for the period from November 1, 2010 to November 1, 2011.

---

1. The Court notes that Plaintiff's counsel has opted to disregard Local Rule 56.1 and submitted their response to Defendant's statement of facts and their counter-statement of material facts in the body of their opposition brief. For clarity, the Court will refer to these as Plaintiff's Response ("Pl.'s Resp.") and Plaintiff's Counter Statement of Material Facts ("Pl.'s St."). The Court will also refer to Defendant's Response to Plaintiff's Counter Statement of Material Facts as such, despite appearing in Defendant's Reply Brief. (Doc. No. 23). The Court further notes that the parties' respective statements and responsive statements veer into arguments of law. The Court would like to remind the parties that Local Civil Rule 56.1(a) states, "[e]ach statement of material facts shall be a separate document (not part of a brief) and *shall not contain legal argument or conclusions of law*." (emphasis added).

Defendant's Statement of Material Facts Not in Dispute ("Def.'s St.") ¶ 1 (Doc. No. 18-2); Pl.'s Resp. ¶ 1 (Doc. No. 21). Tropical Storm Irene made landfall in New Jersey on August 27, 2011. Pl.'s St. ¶ 2; Def.'s Resp. ¶ 2. The parties do not dispute that Irene did some damage to Plaintiff's property, though there is disagreement over the extent of the damage. The parties also disagree over when Plaintiff submitted a claim for the damage to Defendant. Plaintiff claims that he made a claim to Defendant on or before September 3, 2011. Pl.'s St. ¶ 5 (citing Snell Depo. at 49:1-11 (Doc. No. 21-2). Defendant notes that the only support for Plaintiff's claim that he submitted a claim on or before September 3 is his own testimony, which itself notes that this date is a "guess." Def.'s Resp. ¶ 5. Defendant's claim notes indicate that Plaintiff made his claim on September 28, 2011. *Id.*; Krauss Cert., Ex. 2 (Doc. No. 18-3).[2]

An independent adjuster retained by Defendant inspected the exterior of Plaintiff's property on October 25, 2011. Def.'s St. ¶ 3; Pl.'s Resp. ¶ 3. The adjuster was not able to inspect the interior of the property; the parties disagree as to why the adjuster could not inspect the interior. *Id.* The adjuster estimated the damage to Plaintiff's property and Defendant then sent Plaintiff a letter detailing the adjuster's estimate. *Id.* The letter informed Plaintiff that the total amount of Plaintiff's claim was $6,303.45, an amount below the policy deductible of $8,170. Krauss Cert., Ex. 3. Defendant's letter explained that "under the terms of [Plaintiff's] policy, [Defendant was] unable to make a payment to you." *Id.*

Plaintiff contacted Defendant on April 10, 2012 to have the interior of his house inspected by an adjuster. Def.'s St. ¶ 4; Pl.'s Resp. ¶ 4. Defendant reopened Plaintiff's claim and

---

2. This Court has previously held that the "minimal evidence" consisting of "nothing more than an affidavit statement and deposition testimony" is "insufficient to defeat a motion for summary judgment." *Derricotte v. Pressler & Pressler, LLP*, 10-1323, 2011 WL 2971540, at *3-4 (D.N.J. July 19, 2011) (citation omitted). The Court finds that for the purposes of this motion, the Plaintiff's deposition testimony is equally insufficient to raise a dispute of material fact as to the date of his initial claim.

had another adjuster inspect Plaintiff's house on April 17, 2012. Def.'s St. ¶ 4; Pl.'s Resp. ¶ 4; Pl.'s St. ¶ 7; Def.'s Resp. ¶ 7. This adjuster drafted their own estimate of damages and Defendant sent Plaintiff a second letter on May 2, 2012. Def.'s St. ¶ 4; Pl.'s Resp. ¶ 4. The May 2, 2012 letter informed Plaintiff that the interior damage to his property was not covered by his policy and there would be no coverage for the observed damages. Krauss Cert., Ex. 4.

Plaintiff contacted Defendant on May 11, 2012 and left a voicemail regarding his claim. Pl.'s St. ¶ 9; Def.s' Resp. ¶ 9. Defendant's representative returned Plaintiff's call later that day, but was unable to leave a message at Plaintiff's callback number. Pl.'s St. ¶ 10; Def.'s Resp. ¶10. The representative left a voicemail for Plaintiff at his other listed number. Anderson Cert., Ex. 2 (Doc. No. 21-3). Plaintiff left Defendant another message on May 24, 2012 to request a copy of the second adjuster's report regarding the interior of the house. Pl.'s St. ¶ 11; Def.'s Resp. ¶ 11. Defendant informed Plaintiff that they could not provide the requested document. *Id.*

Metro Public Adjustment contacted Defendant requesting an appointment to discuss Plaintiff's claim on September 7, 2012. Pl.'s St. ¶ 12; Def.'s Resp. ¶ 12. Defendant called Metro on October 17, 2012 and explained that Plaintiff's claim had been denied and no additional information had been received regarding their representation or any dispute of their coverage decision. Anderson Cert., Ex. 2. Plaintiff's Irene claim was reopened on July 13, 2013 following a mediation regarding Plaintiff's Sandy claim. Pl.'s St. ¶ 14; Def.'s Resp. ¶ 14.

Following this mediation, Defendant informed Plaintiff that they would consider documents from Plaintiff's contractor, but received nothing as of August 1, 2013. Def.'s St. ¶ 5; Pl's Resp. ¶ 5. Defendant acknowledged receipt of Irene-related estimates on August 14, 2013. *Id.* Defendant then retained an engineer to evaluate Irene and Sandy damages to Plaintiff's property. *Id.* Defendant completed supplemental estimates based on the engineer's report on

November 26, 2013. *Id.* Defendant then sent Plaintiff a letter on December 26, 2013, which explained that the damages were under Plaintiff's policy deductible and Defendant was unable to issue any payment. Krauss Cert., Ex. 8.

Plaintiff's counsel contacted Defendant on April 11, 2014 with a letter of representation and a request for plan documents. Pl's St. ¶ 17; Def.'s Resp. ¶ 17. Defendant's representative spoke with Plaintiff's counsel on April 16, 2017 and informed them that some of the plan documents would not be produced within ten days. Pl's St. ¶ 18; Def.'s Resp. ¶ 18. Defendant sent Plaintiff's counsel a recitation of the claim history which reiterated that Defendant's position regarding Plaintiff's claims had not changed. Def.'s St. ¶ 6; Pl.'s Resp. ¶ 6. Plaintiff's counsel replied via email on April 24, 2014 with a copy of Plaintiff's wind damage estimates. *Id.* Defendant replied to Plaintiff's counsel on April 28, 2014, explaining that they could not consider anything further regarding the Irene and Sandy losses. Krauss Cert., Ex. 12. Defendant's email further explained that "unless there is new information presented to us for our review, we are standing by our position as it pertains to both losses." *Id.*

Plaintiff filed suit in state court on May 7, 2014. Pl.'s St. ¶ 24; Def.'s Resp. ¶ 24. Defendant removed the case to this court on June 20, 2014. *See* Notice of Removal (Doc. No. 1). Defendant filed the instant motion for summary judgment on October 28, 2016.

## II. STANDARD

The court should grant a motion for summary judgment when the moving party "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "material" to the dispute if it could alter the outcome, and a dispute of a material fact is "genuine" if "a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In

4

deciding whether there is any genuine issue for trial, the court is not to weigh evidence or decide issues of fact. *Id.* at 248. Because fact and credibility determinations are for the jury, the non-moving party's evidence is to be believed and ambiguities construed in her favor. *Id.* at 255.

Although the movant bears the burden of demonstrating that there is no genuine issue of material fact, the non-movant likewise must present more than mere allegations or denials to successfully oppose summary judgment. *Anderson*, 477 U.S. at 256. The nonmoving party must at least present probative evidence from which jury might return a verdict in his favor. *Id.* at 257. Furthermore, the nonmoving may not simply allege facts, but instead must "identify those facts of record which would contradict the facts identified by the movant." *Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co.*, 311 F.3d 226, 233 (3d Cir. 2002). The movant is entitled to summary judgment where the non-moving party fails to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### III. DISCUSSION

New Jersey has a six-year statute of limitations for contractual actions. N.J. Stat. § 2a:14-1. That six-year statute of limitations ordinarily applies to insurance actions. *Breen v. N.J. Mfrs. Indem. Ins. Co.*, 309, 252 A.2d 49 (Law Div. 1969), *aff'd*, 263 A.2d 802 (App. Div. 1970). However, the statute of limitations may be shortened by the terms of an insurance contract. *Gahney v. State Farm Ins. Co.*, 56 F. Supp. 2d 491, 495 (D.N.J. 1999) (citing *James v. Fed. Ins. Co.*, 73 A.2d 720, 721 (N.J. 1950)). Both parties to the present litigation agree that the contractual two-year statute of limitations found in Plaintiff's insurance policy is binding.

At issue in the instant claim is whether the operation of the "equitable tolling doctrine" allows Plaintiff to bring this suit more than two years after the accrual of his property loss. In this

context, the New Jersey Supreme Court has determined that contractual limitation provisions should not run uninterrupted from the date of loss, as it would allow the statute of limitations to run while the insurance company investigated the loss. *Peloso v. Hartford Ins. Co.*, 267 A.2d 498, 501-02 (1970). There, the Court held that:

> the fair resolution . . . is to allow the period of limitation to run from the date of the casualty but to toll it from the time an insured gives notice until liability is formally declined. In this manner, the literal language of the limitation is given effect; the insured is not penalized for the time consumed by the company while it pursues its contractual and statutory rights to have a proof of loss, call the insured in for examination, and consider what amount to pay; and the central idea of the limitation provision is preserved since an insured will only have 12 months to institute suit.

*Id.* Thus, the two-year statute of limitations is tolled from the time the insured gives notice of loss until the time that the insurance company "formally denies coverage." *Id.*

Defendant contends that the policy limitation period ran for one month and one day (32 days) from the time that Irene occurred through September 28, 2011 when they claim to have received Plaintiff's claim. Def.'s Br. at 8 (Doc. No. 18-1). According to Defendant, the policy limitation period was tolled from September 28, 2011 to November 9, 2011 (the time from Plaintiff's claim through their alleged denial of the claim). *Id.* The policy period would have then run for five months and one day (153 days) between November 9, 2011 and Plaintiff's request on April 10, 2012 to have his home reexamined for interior damage. *Id.* Defendant then states that fourteen months and fifteen days (441 days) passed from their May 2, 2012 denial letter and the reopening of Plaintiff's claim at the July 17, 2013 arbitration. *Id.* Defendant then denied Plaintiff's claim again on December 26, 2013 and three months and sixteen days (106 days) passed between then and Plaintiff's counsel's letter on April 11, 2014. *Id.* Defendant then contends that three days ran between their April 21, 2014 denial and Plaintiff's counsel's April

6

24, 2014 email and nine days rain between their April 28, 2014 denial and Plaintiff filing the instant complaint. *Id.* Defendant contends that Plaintiff's complaint was not filed within two years of Irene and therefore Counts III and IV are time-barred. *Id.*

Plaintiff's counterargument contends that that some of Defendant's communications were not unequivocal denials needed to end tolling periods of the policy limitation period. Pl.'s Opp'n Br. at 14 (Doc. No. 21). Plaintiff cites to *Bowler v. Fidelity Casualty Co. of New York*, 250 A.2d 580 (N.J. 1969) and *Azze v Hanover Insurance Co.*, 765 A.2d 1093 (App. Div. 2001) to support his argument. The New Jersey Supreme Court in *Bowler* required that an insurer include a "full and fair statement of the reasons for its decision not to pay benefits" and a "clear statement that if the insured wishes to enforce [their] claim it will be necessary for [them] to obtain the services of an attorney and institute a court action within the appropriate time." *Bowler*, 250 A.2d at 588. Defendant counters that the Appellate Division in *Azze* recognized that *Bowler*'s requirements "are meant to remedy only that situation and others like it, where the insurer's duty of good faith and fair dealing are at issue." *Azze*, 765 A.2d at 1099. Plaintiff's brief argues that inspection reports indicate that Defendant knew of interior damage caused by Irene and Defendant engaged in a bad faith denial of his claim. Pl.'s Opp'n Br. at 18. Defendant correctly notes that Plaintiff's references merely reflect that Defendant was aware of water damage to the interior of Plaintiff's house, not that Defendant was aware of water damage *caused by Irene*. Def.'s Reply Br. at 8 (Doc. No. 23). The Court finds that *Bowler* is inapplicable to the facts on record in the instant case.

Plaintiff also argues that *Azze* dictates that his Complaint was filed within the two-year policy limitation period. In *Azze*, the insurance policy contained a requirement that any suit had to be brought within one year of the loss. *Azze*, 765 A.2d at 1095. The insurance company sent a

7

denial letter to the insureds that referred to being able to submit new information, and also suggested that the insureds should contact the New Jersey Department of Insurance if they were unhappy about the decision. *Id.* at 1100-01. Additionally, the insureds were dealing with the insurance company on two separate claims, and the parties were engaged in negotiations long after the denial letter was sent with respect to the other claim, causing additional confusion. *Id.* at 1101. The Appellate Division held that the issues in the denial letter in conjunction with the special circumstances of the two separate claims meant the denial letter was not sufficiently unequivocal. *Id.* As a result, the court in *Azze* determined that under *Peloso*, the tolling of the one-year limitations period had not ended, and the insureds' suit was not time barred. *Id.*

Plaintiff argues that Defendant's November 9, 2011 letter was not an unequivocal denial under *Azze* because it simply advised that the company was unable to make a payment and was "silent with regard to everything else." Pl.'s Opp'n Br. at 19. Plaintiff further argues that his claim involves "special circumstances to consider as two windstorm claims were being evaluated under the same policy" similar to *Azze*. *Id.* Plaintiff further contends that Defendant's May 2, 2012 denial was not unequivocal because it requested additional information and did not reference the policy limitation period for filing suit. *Id.* Defendant responds that Plaintiff's claim was not denied based on a "disputed policy definition where 'additional information' would provide no benefit, and only one claim was opened as a result of Irene." Def.'s Reply Br. at 10. Because Plaintiff's claim lacks the special circumstances from *Azze*, Defendant contends that their denials in November 2011 and May 2012 were unequivocal.

First, the Court finds that Defendant's November 9, 2011 letter constitutes an unequivocal denial. The letter clearly stated that because of Plaintiff's policy's deductible "we are unable to make a payment to you." Krauss Cert., Ex. 3. This Court has previously found that

a denial based on the value of the loss being below the amount of the deductible can constitute an unequivocal denial. *See Biegalaski v. Am. Bankers Ins. Co. of Fla.*, 14-6197, 2016 WL 1718101, at *6 (D.N.J. Apr. 29, 2016). The Court finds that the denial in Defendant's November 9, 2011 letter is equally unequivocal.

The Court also finds that Defendant's May 2, 2012 letter was unequivocal. The Court agrees with Defendant's argument that the special circumstances which justified greater formalities in *Azze* are not present in the instant case. The Court observes that the two claims in *Azze* both stemmed from the same event and were active at the same time. The two claims that Plaintiff attempts to use to show special circumstances arose from two separate storms, one of which had not yet occurred at the time Defendant issued the May 2, 2012 letter. There was only one claim pending on this date. Furthermore, the Court observes that the May 2, 2012 letter does not request additional information so much as it informs Plaintiff that they are willing to accept "additional information that you believe will have a material effect on our determination of coverage." Krauss Cert., Ex.4. This language, without additional special circumstances, is insufficient to establish that *Azze* should apply to the May 2, 2012 letter. Accordingly, the Court finds that Defendant's May 2, 2012 letter was an unequivocal denial of Plaintiff's Irene claim.

In light of the analysis above, the Court finds that Plaintiff's policy plan limitation ran for a total of two years and fourteen days (744 days).[3] The Court observes that the two-year policy plan limitation required Plaintiff to file suit within 730 days of Irene. Therefore, Plaintiff's claims against Defendant related to claims arising from Hurricane Irene were filed outside of the applicable time limit. Accordingly, Defendant's motion for partial summary judgment on Counts III and IV of Plaintiff's complaint will be granted.

---

3. 32 days between August 27, 2011 and September 28, 2011; 153 days between November 9, 2011 and April 10, 2012; 441 days between May 2, 2012 and July 17, 2013; 106 days between December 26, 2013 and April 11, 2014; 3 days between April 21, 2014 and April 24, 2014; and 9 days between April 28, 2014 and May 7, 2014.

9

**IV. CONCLUSION**

For the reasons stated herein, Defendant West American Insurance Company's motion for partial summary judgment is **GRANTED**. An appropriate order shall issue.


Dated:   05/22/2017                                                                              s/ Robert B. Kugler
                                                                                                              ROBERT B. KUGLER
                                                                                                              United States District Judge